# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF11,<br><br>Plaintiff,<br><br>vs.<br><br>LEE FAMILY PROPERTIES, LLC, *et al.*,<br><br>Defendants. | 2:17-cv-01513-MMD-VCF<br>**ORDER** |

Before the Court is Plaintiff's unopposed Motion to Stay Discovery (ECF No. 29) pending resolution of Plaintiff's Motion for Partial Summary Judgment. On May 26, 2017, Plaintiff commenced this action, seeking a declaration and determination that the HOA sale did not convey the Property to Lee Family Properties free and clear of Deutsche Bank's preexisting interest in the property. (ECF No. 1). Plaintiff's motion to stay is granted for two reasons.

**Legal Standard**

1. Failure to File An Opposition Under LR 7-2(d)

Pursuant to Local Rule 7-2(d), "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

Defendants have failed to file points and authorities in opposition to Plaintiff's motion. Failure to file an opposition constitutes consent to the granting of the motion under LR 7-2(d).

2. Motion to Stay Warranted Under Existing Case Law

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. It needs no citation of authority to recognize that discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. See FED. R. CIV. P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). The party seeking the protective order, however, has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." FED. R. CIV. P. 26(c)(1). Satisfying the "good cause" obligation is a challenging task. A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990) (*citing Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975)).

Generally, imposing a stay of discovery pending a motion to dismiss is permissible if there are no factual issues raised by the motion to dismiss, discovery is not required to address the issues raised by the motion to dismiss, and the court is "convinced" that the plaintiff is unable to state a claim for relief. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *White v. Am. Tobacco Co.*, 125 F.R.D. 508 (D. Nev. 1989) (*citing Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982).

Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).

Courts in the District of Nevada must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.

**Analysis**

Here, resolution of the pending motion for partial summary judgment may significantly narrow issues in controversy. The motion for partial summary judgment does not require discovery to address the legal questions presented. The court will therefore stay discovery.

The court will therefore stay discovery.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's unopposed Motion to Stay Discovery (ECF No. 29) is GRANTED.

IT IS FURTHER ORDERED that the parties MUST file a new proposed discovery plan and scheduling order within twenty days after the court decides Plaintiff's Motion for Partial Summary Judgment (ECF No. 28).

IT IS FURTHER ORDERED that a status hearing is scheduled for 10:00 AM, June 18, 2018, in Courtroom 3D.

DATED this 18th day of December, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE