UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF11,<br><br>Plaintiff,<br><br>v.<br><br>LEE FAMILY PROPERTIES, LLC; LP HOMEOWNERS ASSOCIATION AKA LAS PALMERAS HOMEOWNERS ASSOCIATION; and ALESSI & KOENIG, LLC,<br><br>Defendants. | Case No. 2:17-cv-01513-MMD-VCF<br><br>ORDER<br><br>(Def.'s Motion to Stay – ECF No. 31) |

This case arises out of a homeowner association's ("HOA") foreclosure and involves the notice provisions applicable to foreclosure sales under Nevada Revised Statutes ("NRS") Chapter 116. Before the Court is Defendant Lee Family Properties, LLC's ("Lee") Motion to Stay. (ECF No. 31.) Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") has opposed (ECF No. 38), and Lee has replied (ECF No. 41).

A district court has discretionary power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In deciding

whether to grant a stay, courts should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268). Courts should also consider "the judicial resources that would be saved by avoiding duplicative litigation." *Pate v. DePuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

The Court finds that significant judicial resources will be saved if the Court refrains from issuing a decision in this case until the Nevada Supreme Court determines whether NRS § 116.31168 incorporates the notice provisions of NRS § 107.090. (ECF No. 68 at 2 (citing Nev. S. Ct. Case No. 72931).) NRS §§ 116.31168 and 107.090 prescribe two fundamentally different notice mechanisms. The first requires lenders to affirmatively request notice of foreclosure sales from HOAs. The second requires HOAs to notify lenders as a matter of course, regardless of whether a request was made.

The Ninth Circuit recently held the first mechanism facially unconstitutional because it impermissibly shifts the burden to lenders in violation of their procedural due process rights. *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1156 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017). NRS § 107.090 seems to ameliorate this burden-shifting problem by requiring the HOAs to provide notice to lenders absent any request from lenders for notice; however, the Ninth Circuit has held that NRS § 107.090 is not incorporated in NRS § 116.31168. *Id.* at 1159. If it were, the Ninth Circuit reasoned, the opt-in notice scheme would be superfluous. *Id.*

The question of whether NRS § 116.31168 incorporates NRS § 107.090 is now pending before the Nevada Supreme Court in Case No. 72931. Moreover, that court has hinted it will answer the question in the affirmative. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 227 Shadow Canyon*, 405 P.3d 641, 648 n.11 (Nev. 2017). If the Nevada

Supreme Court holds that NRS § 107.090 is incorporated, then a factual question would arise in this case: did the HOA provide notice to the lender consistent with NRS § 107.090? As the law stands currently, it is irrelevant whether the HOA provided notice to the lender—foreclosure sales conducted pursuant to Chapter 116 could not have satisfied the lenders' constitutional due process rights. *See, e.g.*, *U.S. Bank, N.A. v. Emerald Ridge Landscape Maint. Ass'n*, No. 2:15-cv-00117-MMD-PAL, 2017 WL 4386967, at *3 (D. Nev. Sept. 29, 2017). But if NRS § 116.31168 incorporated NRS § 107.090, then some foreclosure sales may have satisfied constitutional due process requirements (i.e., those in which HOAs gave lenders notice consistent with NRS § 107.090). Notice is at issue in this case. Deutsche Bank alleges that it did not receive notice in its Complaint (ECF No. 1 at 6), and Defendant LP Homeowners Association denies those allegations in its answer (ECF No. 14 at 5).

Deutsche Bank first opposes Lee's motion on the ground that *Bourne Valley* controls while the decision before the Nevada Supreme Court is pending. (ECF No. 38 at 3-6.) While technically correct, a decision by the Nevada Supreme Court could render *Bourne Valley* inapplicable in this case, as explained *supra.*

Deutsche Bank next opposes Lee's motion because the proposed stay is allegedly indefinite. (*Id.* at 6.) Lee argues that the stay is not indefinite as it is tied to resolution of the certified question pending before the Nevada Supreme Court. (ECF No. 41 at 5.) The Court agrees with Lee—the Nevada Supreme Court's answer to the certified question will serve as a definite endpoint to the requested stay.

Plaintiffs also argue that the length of the stay is unreasonable because it could take a year or more for the Nevada Supreme Court to answer the certified question. (ECF No. 38 at 7.) While it is difficult to predict how quickly the Nevada Supreme Court will answer the certified question, it is not unreasonable to stay this case because the Nevada Supreme Court's decision could moot a decision by this Court as explained *supra*. And as Lee points out, "[a] stay would prevent unnecessary briefing and the expenditures of

///

time, attorney's fees, and resources that would be wasted in the event *Bourne Valley's* interpretation is deemed incorrect by the Nevada Supreme Court." (ECF No. 41 at 4.)

Deutsche Bank next argues that Lee will not suffer any hardship or inequity in the absence of a stay. (ECF No. 38 at 7.) The Court disagrees—both parties will suffer hardship if the Court issued a decision in this case that is subsequently mooted by the Nevada Supreme Court's decision.

Finally, Deutsche Bank argues that a stay does not promote the orderly course of justice because the Nevada Supreme Court's decision only has the potential to dispose of one of several claims. (ECF No. 38 at 8.) Deutsche Bank argues that the Nevada Supreme Court's decision will not resolve their claims for "takings, wrongful foreclosure, violation of NRS § 116.3116, and quiet title." (*Id.*) However, if the Court were to resolve this case by applying *Bourne Valley*, and the Nevada Supreme Court's decision rendered *Bourne Valley* inapplicable, then the Court's decision would be moot. Plaintiffs do not explain how the Court could resolve this case without applying *Bourne Valley*, and in fact urge the Court to apply *Bourne Valley* throughout most of their response. (*Id.* at 3-6.)

It is therefore ordered that Lee's Motion to Stay (ECF No. 31) is granted. This action is temporarily stayed until resolution of the certified question in Nev. S. Ct. Case No. 72931. The stay will be lifted upon such resolution. The parties must file a status report within five days from such resolution. All pending motions (ECF Nos. 28, 39) are denied without prejudice and may be refiled within thirty days from the Nevada Supreme Court's decision on the certified question.

DATED THIS 22nd day of December 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4